[711 NYS2d 36]

In the Matter of JAMES A. McGINNIS (Admitted as JAMES ANTHONY McGINNIS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 24, 2000

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

*Mason & Tini,* Mineola (*Thomas J. Mason* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing seven charges of professional misconduct. The Special Referee sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation requesting that the Court confirm the Special Referee's report and impose an appropriate sanction whereby the respondent may function as a productive member of the community and resume the practice of law.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Complainant Jeanine M. Rogers retained the respondent concerning a personal injury action on or about July 1, 1994. In May 1995 the respondent allegedly informed the complainant that an $8,500 settlement was offered. Although the complainant signed a release, she received no settlement funds. She has not heard from the respondent since July 1995 despite repeated telephone calls to him. By letters dated July 5, 1995, July 11, 1995, July 17, 1995, September 12, 1995, October 10, 1995, January 9, 1996, September 13, 1996, July 16, 1998, and January 19, 1999, the attorney for the defendant in the Rogers action repeatedly requested that the respondent provide a release from Rogers' workers' compensation insurance carrier with respect to any lien it had against the settlement funds. Absent this release, the settlement funds could not be disbursed. The respondent failed to provide the release or to communicate with the defendant's attorney. Accordingly, the settlement funds were not released.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The complainant Jeanine Rogers retained a new attorney, Robert K. Young, on or about February 26, 1998, and duly executed a consent to change attorney form. By letter dated February 27, 1998, Mr. Young requested that the respondent execute and return the consent form and arrange for the expeditious transfer of the case file. Although Mr. Young received the file from the respondent on May 12, 1999, he has yet to receive the duly executed consent form.

Charge Three alleged that the respondent failed to cooperate with the lawful investigation of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

By letter dated April 23, 1998, the Grievance Committee requested the respondent's answer to the Rogers complaint within 15 days. No reply was received. On or about June 3, 1998, the Grievance Committee sent the respondent a followup letter, via certified mail, requesting his response within 10 days and advising him that a failure to cooperate could, in and of itself, constitute professional misconduct. No reply was received. By certified letter dated July 1, 1998, the Grievance Committee directed the respondent to submit an answer within five days and warned that his continued failure to reply would result in a motion to suspend him.

Charge Four alleged that the respondent neglected a legal matter entrusted to him and failed to communicate with his client for an extended period, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The complainant Toni Lizzio retained the respondent in November 1992 after sustaining injuries in an automobile accident. The Lizzio complaint alleged that her anticipated deposition never occurred, that the respondent became increasingly difficult to reach after January 1995, and that she was unable to speak with the respondent regarding the status of her case between 1996 and 1998.

Charge Five alleged that the respondent failed to cooperate with the lawful investigation of the Grievance Committee constituting conduct prejudicial to the administration of justice and conduct adversely reflecting on his ability to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

By letter dated May 11, 1998, the Grievance Committee advised the respondent that his answer to the Lizzio complaint was due within 15 days. No reply was received. By certified letter dated June 19, 1998, the Grievance Committee requested the respondent's answer within 10 days and advised him that his failure to cooperate with the investigation could, in and of itself, constitute professional misconduct. No reply was received. By certified letter dated July 16, 1998, the Grievance Committee demanded the respondent's answer within five days and warned that his continued failure to respond would result in a motion to suspend him.

Charge Six alleged that the respondent neglected a legal matter entrusted to him and failed to communicate with a client, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The complainant Louis J. Eppolito retained the respondent on or about August 20, 1991, regarding a motor vehicle accident in which he, his three children, and his two nephews were injured. The Eppolito complaint alleged that although the nephews, who were represented by other counsel, settled their case in 1993, the respondent explained that the offer regarding Eppolito and his children was unfair and that the matter would proceed to trial. In 1994, the complainant, who was relocating to Las Vegas, called the respondent and was assured that he was awaiting a trial date. Since that time, the respondent never returned any of complainant's calls or corresponded with him in any way.

Charge Seven alleged that the respondent failed to cooperate with the Grievance Committee's lawful investigation into the Eppolito complaint constituting conduct prejudicial to the administration of justice and adversely reflecting on his ability to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [8] [now (7)]).

By letter dated July 16, 1998, the Grievance Committee requested the respondent's answer to the Eppolito complaint within 15 days and advised that his failure to cooperate could constitute professional misconduct independent of the merits. The respondent failed to reply. A letter dated September 24, 1998 and sent via certified mail informed the respondent that his reply was due within five days and that his continued failure to respond would result in a motion to suspend him.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all seven charges.

The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his remorse, the bouts of depression he has experienced during the past few years which led him to seek medical attention, and his over-all record as an attorney.

The respondent's prior disciplinary history is not unblemished. He received a Letter of Caution, dated November 20, 1998, for failing to satisfy a judgment against him in the amount of $969.45. The Grievance Committee also issued a Letter of Admonition to him dated February 17, 1998, for neglecting a legal matter entrusted to him by failing to respond to an insurance company regarding a settlement offer and failing to inform the client that an offer had been tendered.

As the Special Referee has noted, the respondent's offer of proof regarding a period of approximately six months' absence from his practice resulting from his own medical problems and those of other members of his family does not explain his neglect of these matters. The respondent's testimony focused on the year 1997 and did not explain his inactivity in 1994, 1995, 1996, and the latter part of 1997. Under the totality of circumstances, the respondent is suspended from the practice of law for two years.

MANGANO, P. J., BRACKEN, O'BRIEN, JOY and THOMPSON, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James A. McGinnis, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James A. McGinnis, shall continue to desist and

refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.